OPINION
Defendant-appellant, Alvera Fikes appeals a decision of the Butler County Court of Common Pleas denying his motion to suppress evidence. We affirm.
On June 11, 1997, appellant was indicted by a Butler County Grand Jury and charged with assault, a felony of the fourth degree, having weapons while under disability, a felony of the fifth degree, and carrying a concealed weapon-loaded, a felony of the fourth degree. On July 7, 1997, appellant filed a motion to suppress evidence found during a pat-down search of his person. A hearing on appellant's motion to suppress was held on September 10, 1997.
At the suppression hearing, the state presented the testimony of Officers Thompson and Orender of the Hamilton Police Department. According to this testimony, on May 1, 1997 at approximately 5:00 a.m., Officers Thompson and Orender observed a car being driven northbound on Front Street at an extremely slow speed, approximately five m.p.h. The officers also observed that the headlights of the vehicle were briefly turned off and then turned on again. There were two occupants in the front seat of the vehicle. The officers initiated a traffic stop.
Officer Orender determined that the driver, Metro Moss, had a suspended license. He asked her to exit the vehicle. Officer Orender also testified that he believed he knew the passenger in the vehicle, appellant. Both officers testified that the driver was to be arrested and the car was going to be impounded. Officer Orender testified that he gestured to his partner, Officer Thompson, that he should request that appellant exit the vehicle and pat him down. Officer Thompson testified that he then requested that appellant exit the vehicle and that he initiated a pat-down search of appellant for officer safety. Officer Thompson acknowledged that initially appellant did nothing to give rise to a specific suspicion that he had a weapon. Officer Thompson had noted, however, that appellant had very red eyes and slurred speech. Officer Thompson also testified that the protective pat-down search was conducted largely because the encounter was at 5:00 in the morning in a high crime area.
Upon conducting the pat-down, Officer Thompson felt a gun. Appellant reached for the gun and also tried to escape. During the ensuing struggle appellant swung at Officer Thompson.
Based upon the evidence presented at the suppression hearing, the trial court found that the traffic stop and the pat-down search of appellant were proper. Accordingly, the trial court denied appellant's motion to suppress. On September 22, 1997, appellant entered a plea of no contest to the charges and was sentenced to fourteen months on the assault and ten months on each of the weapons charges, the sentences to run concurrently.
In his sole assignment of error, appellant argues that the trial court erred by denying his motion to suppress. In reviewing the trial court's decision, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. French (1995), 104 Ohio App.3d 740, 747. A reviewing court is bound to accept those findings of fact if supported by competent credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592,594. However, an appellate court determines as a matter of law, without deferring to the trial court's conclusion, whether these facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
It is well-settled that once an officer has made a reasonable investigative stop and has a reasonable suspicion that an individual may be armed, "the officer may initiate a protective search for the safety of himself and others." State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of syllabus. The purpose of the limited search is not to discover evidence of crime but to allow the officer to pursue his investigation without fear of violence. Adams v. Williams (1972), 407 U.S. 143, 146,92 S.Ct 1921, 1923.
As the United States Supreme Court explained in the seminal stop and frisk case of Terry v. Ohio (1968), 392 U.S. 1, 24,88 S.Ct. 1868, 1884, "we cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest." The Supreme Court has also recently recognized that danger to an officer is likely to be greater when there are passengers in addition to the driver in the stopped car. The Court held that removal of passengers from a lawfully stopped vehicle for a traffic violation did not violate a passenger's Fourth Amendment rights. Maryland v. Wilson (1997) U.S., 117 S.Ct. 882.
Clearly, the courts are cognizant of the dangers faced by officers in even routine traffic stops. In United States v. Berryhill (C.A. 9, 1971), 445 F.2d 1189, 1193, the Ninth Circuit Court of Appeals stated that "[a]ll companions of the arrestee within the immediate vicinity * * * are constitutionally subjected to the cursory `pat-down' reasonably necessary to give assurance that they are unarmed." The Sixth Circuit has held that such searches should be judged on "the totality of the circumstances." United States v. Bell (C.A. 6, 1985), 762 F.2d 495. The Ohio Eighth District Court of Appeals recently found under nearly identical circumstances that a pat-down search of a passenger was justified. State v. Fellows (May 22, 1997), Cuyahoga App. No. 70900, unreported. See, also, State v. Holt (Oct. 30, 1997), Franklin App. No. 97APA04-550, unreported, (Terry progeny bestows increased deference to officer's professed objective for conducting "protective" frisks).
This was not a routine traffic stop. The driver was to be arrested and the car impounded. Appellant appeared intoxicated and the encounter took place late at night in a high crime area. We find that under the totality of the circumstances presented here, the trial court reasonably determined that the officer was justified in conducting a protective search of appellant's person. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.